O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHRISTOPHER BURGESS and JAMES ROBERT BURGESS,<br><br>        Plaintiffs,<br>    v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY and DOES 1–10, inclusive,<br><br>        Defendants. | Case No. 2:13-cv-05372-ODW(Ex)<br><br>**ORDER TO SHOW CAUSE RE. LACK OF SUBJECT-MATTER JURISDICTION** |

On August 22, 2013, the Burgesses filed their First Amended Complaint. (ECF No. 10.) The jurisdictional allegations appear to be defective.

The Burgesses allege federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, but the pleadings set forth the residence, rather than the citizenship, of the Burgesses. (Compl. ¶¶ 7–8.) Diversity is based on citizenship. 28 U.S.C. § 1332(a); *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

The Burgesses further allege that Defendant Protective Life Insurance Company is a corporation "duly organized and existing under the laws of the State of

Tennessee . . . transacting the business of insurance in the state of California." (Compl. ¶ 9.) This is similarly insufficient. A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(a). The Burgesses do not allege Protective's state of incorporation or its principal place of business. Simply alleging that the corporation was formed under the laws of Tennessee is inadequate to satisfy the Burgesses' burden of establishing diversity jurisdiction.

Accordingly, the Court **ORDERS** the Burgesses to **SHOW CAUSE** in writing, by **September 17, 2013**, why this case should not be dismissed for lack of subject-matter jurisdiction. No hearing will be held. The Burgesses may submit a Second Amended Complaint if they choose. Failure to timely respond will result in dismissal of this action. The Court hereby **VACATES** the October 7, 2013 hearing on Protective's Motion to Dismiss pending resolution of this matter. (ECF No. 14.)

**IT IS SO ORDERED.**

September 10, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**